BRIAN H GETZ, ESQ. (CSBN 85593)
LAW OFFICES OF BRIAN H GETZ
90 New Montgomery Street, Suite 1250
San Francisco, CA 94105
Telephone:     (415) 912-5886
Facsimile:     (415) 358-4770
Email:         brian@briangetzlaw.com

Attorney for Defendant
FARES ABDO AL EYANI

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 3:22-CR-00278-CRB |
| Plaintiff, | **DEFENDANT FARES ABDO AL EYANI'S SENTENCING MEMORANDUM** |
| vs. | |
| FARES ABDO AL EYANI and SABA MOHSEN DHAIFALLAH | Date:     March 29, 2024 |
| | Time:     9:30 a.m. |
| Defendants. | Dept.:    Courtroom 6 – 17th Floor |
| | Judge:    Hon. Charles R. Breyer |

### I.       INTRODUCTION.

Mr. Al Eyani has pled guilty to Conspiracy to Unlawfully Export Defense Articles (Count One) and Attempted Unlawful Exports of Defense Articles (Counts Two through Eight).  Both Mr. Al Eyani and his wife, a co-conspirator in this matter, are scheduled to be sentenced on the same date.

The unique circumstances of the offense conduct and the personal circumstances of Mr. Al Eyani will be addressed. Some of these principals will assist the Court in looking beyond a mechanical or literal reading of the Guidelines (U.S. Sentencing Commission, *Guidelines Manual* (Nov. 2023)) in order to arrive at a sentence that is both just and fair under the principals and provide the basis for a Downward Variance pursuant to 18 U.S.C. 3553(a)(1) and (2).

It is hoped the background information furnished here will serve to inform the Court and provide evidence that Mr. Al Eyani has not and will never be an engaged in a criminal lifestyle as a livelihood.  Instead, Mr. Al Eyani is an individual who simply, yet extremely irresponsibly, was motivated to commit the offense in the short term for financial gain in order to better support his family.  Mr. Al Eyani is a Legal Permanent Resident of the United States and he has never been associated with any type of terrorist group against the United States or any other country.

## II.     FACTORS THAT JUSTIFY A DOWNWARD VARIANCE – 18 U.S.C. 3553(a)(1)

### A.  Nature and Circumstances of the Offense

The articles that are the subject of these proceedings were bound for the country of the Sultanate of Oman, commonly referred to as Oman.  This country is not considered a threat to the security interests of the United States.  To the contrary, according to the United States Department of State website, the United States and Oman concluded a treaty of friendship and navigation long ago in the year 1833.  U.S. Department of State, *U.S. – Oman Relations*, viewed on March 20, 2024 at https://www.state.gov/countries-areas/oman/ . The friendship treaty was replaced in 1958 by the Treaty of Amity, Economic Relations, and Consular Rights, and the two countries established diplomatic relations in 1972 (ibid.). In 2009, the United States and Oman signed a Free Trade Agreement, which has increased trade in both directions, created opportunities for United States and Oman businesses, and supported Oman's goals of attracting investment and diversifying its economy (ibid.).

Mr. Al Eyani is not an illegal immigrant.  Mr. Al Eyani stands proudly as a Permanent Resident of the United States, and as such is not considered a so-called prohibited person (Presentence Report, Page 3).

### B.  History and Characteristics of the Defendant

Mr. Al Eyani comes from humble beginnings and he has lived a modest lifestyle his entire life.  Mr. Al Eyani's Mother passed away when he was only two years old, and he was raised primarily by his Father and Sister in a small village in the Republic of Yemen with running water

DEFENDANT FARES ABDO AL EYANI'S SENTENCING MEMORANDUM
Case No.: 3:22-CR-00278-CRB

1   and electricity, but not much more (Presentence Report, Paragraph 51). At the age of 22, Mr. Al

2   Eyani came to the United States with high hopes of achieving a better life for himself (Presentence

3   Report, Paragraph 52).  Many of Mr. Al Eyani's family members who have remained in his native

4   country are unemployed (Presentence Report, Paragraph 50).

5        From a young age, Mr. Al Eyani was raised in accordance with the tenets of a religion that

6   he firmly believes in and which abhors violence in any form and stands for peace.

7        Mr. Al Eyani's arduous journey, financially speaking, has always been geared to provide for

8   his family, especially his children, currently ages 9 and 13.  He is a dedicated and devoted Father to

9   his minor children, as well as a father figure to two young adults.  As an example of what these

10  children mean to Mr. Al Eyani, he has declared that he would, without hesitation or reservation, lay

11  down his life for them.  After many years of steady, but low wage employment, and with limited

12  prospects for making any significant financial gains from employment in the future, Mr. Al Eyani

13  become involved in the current offense conduct, with financial gain being his primary motivating

14  factor.  Ironically, this horrible decision was tied to Mr. Al Eyani's desire to provide for his

15  children, yet now they are the very ones who will suffer the most from his absence, if he is

16  incarcerated, even more so than Mr. Al Eyani will himself.  Faced now with the harsh reality and

17  prospect of being separated from his beloved children, due to his extremely poor lapse in judgment,

18  Mr. Al Eyani is overcome with guilt and remorse due to his being the source of unintentionally and

19  severely harming his beloved children in this manner.

20       At the time he committed the offense, Mr. Al Eyani's income was approximately $2,500 per

21  month, and stemmed from his efforts to buy and sell various goods to retail stores, which was

22  hardly enough to support a family of four.  Before that, for seven years, Mr. Al Eyani earned even

23  less, only $1,500 a month, by working at a delicatessen in New York.

24       Now, at the age of 41, and to his credit, Mr. Al Eyani continues to be an extremely hard

25  worker, currently working tirelessly, approximately 80 hours a week, usually 12 hours a day, 7 days

26  a week, with only an occasional day off of work, in an effort to provide financially for his family.

27  Despite working at his current place of employment full-time as a cashier for nearly four years, Mr.

28

DEFENDANT FARES ABDO AL EYANI'S SENTENCING MEMORANDUM
Case No.: 3:22-CR-00278-CRB

1   Al Eyani's monthly income was only $2,500, or approximately $15.00 an hour.  Mr. Al Eyani

2   decided to take it upon himself to double his monthly income at his place of employment in January

3   2024, by doubling his hours, all in an effort to try and improve his family's finances, no matter the

4   personal toll toiling such long hours takes upon him.

5         While it is certainly commendable that Mr. Al Eyani is a high school graduate, his limited

6   education has likely dimmed his financial opportunities through employment.  Mr. Al Eyani's lack

7   of an education beyond high school has undoubtedly shaped one of his goals for the future, which is

8   to support his children's education (Presentence Report, Paragraph 53).

9         Mr. Al Eyani has also prioritized his Wife's needs, including her educational aspirations and

10  pursuits (Presentence Report, Paragraph 52).  In addition to being a devoted Father, Mr. Al Eyani

11  remains devoted to his Wife and co-defendant, including during her mental health struggles

12  (Presentence Report, Paragraph 52).  Together, as parents, they have bestowed upon their children

13  their unified and unconditional love and support.   Mr. Al Eyani always stands ready to assist his

14  Wife and Children in every way possible.

15        Mr. Al Eyani will forever regret his involvement in this offense. For all of the many and far-

16  reaching consequences that have and will occur to his family members as a result of his actions in

17  this case, Mr. Al Eyani wishes to express his sincere and profound apology.  Mr. Al Eyani desires to

18  add that he is extremely sorry that he disobeyed the laws of the United States of America.  He

19  especially and fully appreciates that he has been given a far better life in so many ways than would

20  have ever been possible for him in his native country.

21        **III.     ADDITIONAL SENTENCING CONSIDERATIONS.**

22              **A. Defendant's Inability to Pay a Fine.**

23        Mr. Al Eyani has never owned a home, has always lived in rented apartments, and his single

24  asset is an older car.  While it has been suggested that a fine is appropriate, this would only

25  compound Mr. Al Eyani's financial woes.  Mr. Al Eyani has limited resources at the current time,

26  and his positive cash flow is only because of his decision to double his working hours to the almost

27  inhumane number of 80 hours per week.  The imposition of a fine would needlessly would take

28

DEFENDANT FARES ABDO AL EYANI'S SENTENCING MEMORANDUM
Case No.: 3:22-CR-00278-CRB

1  funds away from and that are necessary for Mr. Al Eyani and his Wife to meet their children's

2  necessary expenses.  Mr. Al Eyani's prospects for employment and advancement are even more

3  stifled and difficult now that he is a convicted felon.  For all of these reasons, it is recommended

4  that the Court not impose a fine.

5  **B.  Other Needs of Sentencing - 18 U.S.C. 3553(a)(2)**

6  As to the need for the sentence to protect the public from further crimes of the defendant,

7  Mr. Al Eyani has no prior criminal convictions and he has been under supervision by the United

8  States Pretrial Services Office for nearly four years without a single incident.  Simply stated, he

9  does not present a risk to the public and he has unequivocally learned the importance of obeying all

10  laws to the letter.  As to the need to provide the defendant with educational or vocational training,

11  Mr. Al Eyani most certainly could benefit from either or both to increase his earning potential in

12  order to better provide financially for his minor children.  It is recognized that the Court must also

13  consider the need for the sentence to reflect the seriousness of the offense, promote respect for the

14  law, and provide just punishment.

15  **IV.    CONCLUSION AND RECOMMENDATION.**

16  The various factors that must be considered by the Court cannot be given equal weight, and

17  must be based upon the unique circumstances of the offense and the history and characteristics of

18  the defendant. It is respectfully suggested that all of these many and varied sentencing

19  considerations can be met simultaneously through the imposition of a sentence of Probation, that

20  includes the condition of a one year period on the Electronic Monitoring Program/Home Detention.

21  Such a sentence would, most importantly, allow Mr. Al Eyani to continue to work and support his

22  family, financially, emotionally, and in all other respects.

23  //

24  //

25  //

26  //

27  //

28

DEFENDANT FARES ABDO AL EYANI'S SENTENCING MEMORANDUM
Case No.: 3:22-CR-00278-CRB

1      Should the Court disagree, and deem instead a sentence of imprisonment is appropriate, it is

2  respectfully recommended that the term of 1 (one) year and 1 (one) day is sufficient to meet the

3  goals of sentencing.

4  DATED: March 21, 2024                          Respectfully submitted,
                                                   LAW OFFICES OF BRIAN H GETZ
5
                                                   _/s/ Brian H Getz_____
6                                                  BRIAN H GETZ
                                                   Attorney for Defendant
7                                                  FARES ABDO AL EYANI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FARES ABDO AL EYANI'S SENTENCING MEMORANDUM
Case No.: 3:22-CR-00278-CRB